IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| C.B.,<br><br>   Petitioner,<br><br>vs.<br><br>LEONARD ODDO, WARDEN OF MOSHANNON VALLEY PROCESSING CENTER; ACTING FOD BRIAN MCSHANE, ACTING FIELD OFFICE DIRECTOR OF THE IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS PHILADELPHIA FIELD OFFICE; KRISTI NOEM, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; AND PAMELA BONDI, ATTORNEY GENERAL OF THE UNITED STATES;<br><br>   Respondents. | Civil Action No. 3:25-cv-00263<br><br>United States Magistrate Judge<br>Christopher B. Brown |

**ORDER**

**AND NOW**, this 22nd day of October, 2025, for the reasons stated in the Memorandum Opinion contemporaneously filed herewith, **IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, is **CONDITIONALLY GRANTED**.

**IT IS FURTHER ORDERED** Petitioner shall be provided a bond hearing before a neutral immigration judge of the Executive Office of Immigration Review

1

on or before **November 5, 2025.** At said bond hearing, the Government shall bear the burden to justify Petitioner's detention by clear and convincing evidence. *See German Santos v. Warden Pike Cnty. Corr. Fac.*, 985 F.3d 203, 213 (3d Cir. 2020). "That evidence must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community." *Id.* at 214.

This Order should not be read to constrain the immigration court from considering additional factors that normally are available to it in the context of an immigration bond hearing, such as alternatives to detention or the Petitioner's ability to pay, to the extent that they are not inconsistent with the Government's burden, as set forth in *German Santos*.

If Respondents fail to provide Petitioner with a bond hearing satisfying those requirements by **November 5, 2025**, the **WRIT SHALL ISSUE**, and Petitioner shall be released with conditions of supervision consistent with applicable law.

**IT IS FURTHER ORDERED** that counsel for the parties shall file notice of the date and time of the bond hearing on the docket in this matter once the hearing is scheduled. The parties shall notify this Court of the outcome of the hearing within three business days of its completion.

**IT IS FURTHER ORDERED**, to the extent Petitioner seeks any additional habeas relief, the same is **DENIED**.

**IT IS FURTHER ORDERED** any motion for costs and/or fees must be submitted by **December 22, 2025**.

**IT IS FURTHER ORDERED** C.B.'s motion for immediate release or to expedite, ECF No. 22, is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** the Clerk's Office is directed to mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED**, pursuant to Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, any party wishing to appeal from this Order must file a Notice of Appeal within 60 days.

              BY THE COURT:

              s/Christopher B. Brown
              Christopher B. Brown
              United States Magistrate Judge

cc: All Counsel of Record
   (via ECF electronic notification)